PAINTER, J.
dissents.
|,1 respectfully dissent from the majority opinion. The majority finds that La.Ch. Code art. 815(E) applies only to regional detention facilities or shelter care facilities and that the facilities in question are neither. However, it finds that the cities must show that the Police Jury is legally responsible for these costs, and that the cities failed to introduce sufficient evidence to prove that a custom exists whereby the Police Jury is responsible for paying these costs. As a result, the majority finds that the cities have failed to show that the Police Jury is obligated to pay the costs for the juvenile detentions at issue.
I agree that La.Ch.Code art. 815(E) applies only to regional detention facilities or shelter care facilities and that the facilities in question are neither. However, I disagree with the finding with regard to custom. The Police Jury in its reconventional demand states that:
Prior to March, 2010, the Vermilion Parish Police Jury paid all costs associated with the confinement of juveniles who had been placed into detention or protective custody by the order of the Judge of Abbeville and Kaplan City Courts on the erroneous belief that the Parish was responsible for those costs.
Thus the pleadings of the Police Jury establish that it was the custom of the Police Jury to pay these costs. Accordingly, I would affirm the judgment of the trial court.